[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2006
THOMAS K. KAHN
CLERK

No. 05-14935
Non-Argument Calendar
_____

BIA No. A95-899-891

JULIAN HERNANDO ARIZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 21, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Julian Hernando Ariza, through counsel, petitions for review of the BIA's

denial of his motion to reopen his removal proceedings.  On appeal, Ariza argues

(1) the Board of Immigration Appeals ("BIA") abused its discretion in denying his

motion to reopen, as he has presented clear and convincing evidence that his post-

removal order marriage was <u>bona</u> <u>fide</u>, and (2) the BIA violated his due process

rights by denying his motion to reopen without explaining why the evidence

proffered was insufficient to meet the clear and convincing standard.

## I.    Abuse of Discretion

We review the BIA's denial of a motion to reopen for an abuse of discretion.

See <u>Mejia-Rodriguez v. Reno</u>, 178 F.3d 1139, 1145 (11th Cir. 1999).  The

discretion afforded the BIA under 8 C.F.R. § 1003.2 (a) with respect to granting

and denying motions to reopen is expansive.   See <u>Anin v. Reno</u>, 188 F.3d 1273,

1279 (11th Cir. 1999) (providing the regulation gives the BIA discretion to reopen

proceedings "as it sees fit").  Specifically, the provision provides "[t]he Board has

discretion to deny a motion to reopen even if the party moving has made out a

prima facie case for relief."  8 C.F.R. § 1003.2 (a).  Judicial review is limited to

determining "whether there has been an exercise of administrative discretion and

whether the matter of exercise has been arbitrary or capricious." <u>Garcia-Mir v.</u>

<u>Smith</u>, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).  The BIA abuses

its discretion when its decision "provides no rational explanation, inexplicably

departs from established policies, is devoid of any reasoning, or contains only

2

summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotations omitted); Zhao v. United States Department of Justice, 265 F.3d 83, 93 (2nd Cir. 2001). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992).

The BIA may grant a motion to reopen for adjustment of status based on a marriage entered after the commencement of removal proceedings if clear and convincing evidence is presented showing a strong likelihood that the marriage is bona fide. See Verlarde-Pacheco, 23 I & N Dec. 253 (BIA 2002). A petitioner may meet his burden by showing evidence of joint ownership of property, joint tenancy of a common residence, the commingling of financial resources, birth certificates of children born by the couple, or affidavits of third parties having personal knowledge that the marriage is bona fide. 8 C.F.R. § 204.2(a)(1)(iii)(B)(1)-(5). This list is not exhaustive. See id. A petitioner may also provide any other document that is relevant to establish his marriage was not entered for the purpose of evading the United States immigration laws. 8 C.F.R. § 204.2(a)(1)(iii)(B)(6).

The BIA abused its discretion when it failed to explain why it found the evidence submitted by Ariza to be insufficient to meet the clear and convincing standard. Because the BIA never gave any indication as to why the evidence proffered was not clear and convincing, we cannot provide any meaningful review in determining whether the BIA acted reasonably or arbitrarily. Accordingly, we grant this petition in part, and remand it to the BIA for a statement of reasons.

## II. Due Process

Review of constitutional challenges is de novo. Lonyem v. United States Attorney General, 352 F.3d 1338, 1341 (11th Cir. 2003). Due process requires that aliens be given notice and an opportunity to be heard in their removal proceedings. See, e.g., Fernandez-Bernal v. Attorney General, 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." Lonyem, 352 F.3d at 1341-42.

As previously noted, the BIA has broad discretion to grant or deny a motion to reopen. 8 C.F.R. § 1003.2 (a); Anin, 188 F.3d at 1279. Additionally, the INA provides that the Attorney General has discretion to adjust the status of an alien. INA § 245(a), 8 U.S.C. § 1255(a). We have held that an alien has no liberty interest in being eligible for a form of relief that is purely discretionary. Mejia

4

Rodriguez, 178 F.3d at 1146.

Ariza's argument that the BIA denied him due process by denying his application without providing a sufficient explanation is without merit. The decisions to grant a motion to reopen and to grant an application for adjustment of status are discretionary. Hence, Ariza had no liberty interest in either being entitled to a grant of his motion or being eligible for adjustment of status, and, therefore, could not establish a deprivation of due process.

Based on the foregoing, we dismiss Ariza's petition in part and grant in part, and remand to the BIA for further proceedings.

**PETITION DISMISSED IN PART, GRANTED IN PART, AND REMANDED**